**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

JAY WEBER,

      Plaintiff,

  v.                                              Civil Action Number: **20-1844**

FEDERAL RAILROAD ADMINISTRATION,

      Defendant.

## COMPLAINT

AND NOW, comes the plaintiff, Jay Weber, by and through his attorneys and files the following Complaint under the Rehabilitation Act of 1973. Specifically, the Federal Railroad Administration (FRA) made a job offer to Mr. Weber as a Railroad Safety Inspector, then rescinded the same under shifting and inconsistent reasons. However, from the time of the initial interview throughout the process, Mr. Weber was transparent in his qualifications with decades of railroad experience and his diagnosis and treatment plan for epilepsy.

## Parties

1. The plaintiff, Jay Weber is an adult individual, residing in Sequim, Washington.

2. The defendant, the Federal Railroad Administration, is a federal agency located at 1200 New Jersey Avenue, SE, Washington, D.C. 20590.

## Jurisdiction and Venue

3. This is an action under the Section 501 of the Rehabilitation Act of 1973, as amended, ("Rehabilitation Act"), 29 U.S.C. §794 et seq.  Plaintiff, Jay Weber, seeks declaratory, injunctive and compensatory relief for denial of employment on the basis of disability as defined by the applicable statute.

4.       Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and a substantial part of the events giving rise to the claim occurred in this district.

5.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343. This action is authorized and instituted pursuant to Section 501 of the Rehabilitation Act.

6.       The defendant is a covered employer within the meaning of the Rehabilitation Act because, among other things, they employ the requisite number of employees during the relevant time period.

7.       The Plaintiff was denied employment because of his disability or was regarded as disabled based on a perception that he was substantially limited in one or more major life activities including operation of the neurological system and/or was regarded as disabled or record of disability by the FRA that this disability prevented him from performing the jobs applied for and offered by defendant as a Railroad Safety Inspector GS-2121-12. At all times relevant to this lawsuit, Plaintiff was a qualified individual with a disability who possessed the requisite qualifications to perform the essential functions of the job and other available jobs, with or without an accommodation.

## Statement of Facts

8.       Mr. Weber applied for the position of Railroad Safety Inspector, GS-21212-12, on August 31, 2018.

9.       Mr. Weber was interviewed by a panel of three people including James Talley, Supervisory Railroad Safety Specialist.

10.      Mr. Talley informed Mr. Weber that he was the best candidate and verbally made an unofficial offer on the same date.

11. Mr. Weber informed Mr. Talley about his medical condition of epilepsy and his termination from BNSF Railway for medical absences.

12. On October 9, 2018, Mr. Weber received a written offer for the above position with the FRA.

13. On October 16, 2018, Mr. Weber received an email concerning contingencies including fingerprinting, drug testing and a background check.

14. During this background process, Ms. Nicholas requested that Mr. Weber provide paperwork concerning his termination from BNSF. Ms. Nicholas claims to have contacted BNSF but does not have any notes of who she contacted or what they said to her.

15. Ms. Nicholas brought the reasons for Mr. Weber's termination, ie absences related to epilepsy, to the attention of Carmen Patriarca, Regional Administrator Region 3.

16. A meeting was held between Edythe Nicolas, Supervisory Human Resource Specialist, Carmen Patriarca and Betty Sorrells, Senior Attorney-Advisor on February 6, 2019. According to Edythe Nicolas, Carmen Patriarca felt that his termination from BNSF related to absences related to his medical condition raised concerns of "suitability".

17. No one consulted with Mr. Talley did not agree with the decision to rescind the job offer and stated that termination from a railroad is not by itself a disqualifying event.

18. On February 22, 2019, Mr. Weber received an email rescinding the job offer on the following basis: "The FRA is rescinding the tentative offer of employment due to the termination from your position with BNSF Railway". Additionally, a letter rescinding the job offer was sent under the signature of Mark Atkisson, Director of Human Resources.

19. After receiving the above communications rescinding the job offer, Mr. Weber contacted Ms. Nicolas and Ms. Kirnon. Ms. Kirnon advised him to wait until close of business to allow Ms. Nicholas an opportunity to respond.

20. On February 25, 2018, Mr. Weber sent an email to Ms. Kirnon because he still did not receive a response to his voicemail or email.

21. On February 28, 2018, Mr. sent an email to Ms. Kirnon again because of the lack of response from Ms. Nicholas. Ms. Kirnon responded that Ms. Nicholas and Ms. Lavado, instructing Ms. Nicholas to respond as she is the point of contact.

22. Ms. Nicolas never responded.

23. On April 4, 2019, after no further contact with the HR department about an explanation of rescinding the job offer, Mr. Weber contacted the FRA EEO Dept and filed an informal complaint.

24. Mr. Weber was later informed that his offer of employment was rescinded due to budget cuts.

25. Mr. Weber has continued to apply for positions with the FRA including the following: FRA -R4-2018-0049, FRA-R1-2918-0069, FRA-R2-2018-0099, FRA -R7-2018-0063, FRA R4-2018-0667, FRA R4-2019-0013, FRA-R4-2019-0022, FRA -R2-2019-0031, FRA R3-2018-0082, FRA -R6-2018-0080.

26. Mr. Weber has exhausted administrative procedures as evidenced the Final Agency Decision dated April 9, 2020.

## Count I
## Allegations of Defendant's Violation of the Rehabilitation Act: Denial of Employment

27. Mr. Weber incorporates by reference all of the above allegations set forth in this Complaint.

28. Mr. Weber was at all relevant times capable of performing the essential functions of a Railroad Safety Inspector.

29. Mr. Weber's job offer was rescinded, because plaintiff was disabled, regarded as disabled and/or had a record of disability within the meaning of the Rehabilitation Act, with or without reasonable accommodations.

30. As a result of this conduct, the FRA has caused Mr. Weber the loss of wages and other job benefits and emotional and other harm.

## Count II
## Defendant's Violation of the Rehabilitation Act: Retaliation

31. Mr. Weber incorporates by reference all of the above allegations set forth in this Complaint.

32. Mr. Weber engaged in protected activity by filing an internal EEO complaint with the FRA.

33. As a result of this protected activity, Mr. Weber was and continues to be refused employment opportunities despite his qualifications.

34. A causal connection exists between the protected activities and the denial of employment opportunities based upon the interviews during the investigations and shifting explanations for the refusal to hire.

As a result of this conduct, the FRA has violated the Rehabilitation Act and caused Mr. Weber the loss of wages and other job benefits and emotional

## PRAYER FOR RELIEF

WHEREFORE, Mr. Weber demands: (1) judgment against defendant jointly and severally in an amount to make him whole for all damages suffered by him as a result of defendant's violation of Rehabilitation Act, including, but not limited to, damages for back pay and benefits,

front pay, compensatory damages, and all other damages recoverable under the above laws plus prejudgment and other interest; (2) that this Court enjoin defendant from further violating the above law; (3) that this Court order defendant to reinstate Mr. Weber to the position he had been awarded when defendant unlawfully rescinded its offer with all seniority and benefits he would have otherwise accrued had defendant not violated the above law; (4) that this Court award Mr. Weber expert witness fees, attorneys' fees and the cost of bringing this action and, (5) that this Court grant him all other relief that he is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

                                      Respectfully submitted,

                                      /s/ Joseph H. Chivers
Joseph H. Chivers
DC ID 388350
PA ID 39184
The Employment Rights Group, LLC
100 First Avenue, Suite 650
Pittsburgh, PA 15222
P: 412-227-0763
F: 412-774-1994
jchivers@employmentrightsgroup.com

Gregory G. Paul (PA ID 83334)
*Pro Hac Vice Applicant*
MORGAN & PAUL, PLLC
100 First Ave., Suite 1010
Pittsburgh, PA 15222
(412) 259-8375 (telephone)
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

*Counsel for Plaintiff*

Dated:  July 8, 2020